IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-956

**Shirlene Hester, Individually and on
Behalf of All Others Similarly Situated,**
       Plaintiff,

v.

**Care Matters, LLC, and Kimberly Diaz,**
       Defendants.

---

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

---

Plaintiff Shirlene Hester ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendants Care Matters, LLC, and Kimberly Diaz (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.    INTRODUCTION

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and others similarly situated lawful overtime compensation for all hours worked in excess of forty per week.

2. Plaintiff also brings this action to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.     THE PARTIES

9. Plaintiff is an individual and resident of Broomfield County.

10. Separate Defendant Care Matters, LLC ("Care Matters"), is a domestic limited liability company.

11. The registered agent for service of process for Care Matters is Care Matters, LLC, at 10447 Lowell Court, Westminster, Colorado 80031.

12. Separate Defendant Kimberly Diaz ("Kimberly") is an individual and resident of Colorado.

13. Defendants do business as Care Matters Always.

14. Defendants maintain a website at https://caremattersalways.com/.

### IV.   FACTUAL ALLEGATIONS

15. Kimberly is a principal, director, officer, and/or owner of Care Matters.

16. Kimberly, in her role at Care Matters, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17. Kimberly took an active role in operating Care Matters and in the management thereof.

18. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

19. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

20. Defendants are an "employer" within the meanings set forth in the FLSA, the CMWO and the CWA and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

21. Plaintiff was employed by Defendants within the three years preceding the filing of this Complaint.

22. Specifically, Plaintiff performed work for Defendants from January of 2023 until September of 2023 as a Caregiver.

23. Defendants also employed other Caregivers within the three years preceding the filing of this lawsuit.

24. As a Caregiver, Plaintiff's primary responsibilities were assisting patients with taking medication, running errands on behalf of patients, light housecleaning and assisting patients with bathing and other hygiene needs.

25. Other Caregivers had the same or similar duties as Plaintiff.

26. At all relevant times herein, Defendants directly hired Plaintiff and other Caregivers to work on Defendants' behalf, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. At all material times herein, Plaintiff and other Caregivers have been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

28. Defendants paid Plaintiff an hourly rate and classified her as exempt from the overtime requirements of the FLSA.

29. Defendants paid other Caregivers an hourly rate and classified them as exempt from the overtime requirements of the FLSA.

30. Defendants did not pay Plaintiff or other Caregivers an overtime premium of 1.5 times their regular hourly rate for all hours worked in excess of 40 each week.

31. Plaintiff was required to sign a contract with Defendants which nominally classified Plaintiff as an independent contractor. Upon information and belief, other Caregivers were also required to sign similar contracts.

32. In practice, Defendants treated Plaintiff and other Caregivers as employees, not independent contractors.

33. Plaintiff and other Caregivers did not have authority to hire or fire other employees.

34. Plaintiff and other Caregivers did not have the authority to set or adjust other employees' rates of pay.

35. Plaintiff and other Caregivers did not have the authority to direct other employees in their work.

36. Plaintiff and other Caregivers did not have the authority to discipline other employees.

37. Defendants determined Plaintiff's and other Caregivers' hourly pay rate for services without input from or negotiation with Plaintiff and other Caregivers.

38. Defendants determined when and how much Plaintiff and other Caregivers would be reimbursed for their vehicle mileage.

39. Plaintiff and other Caregivers were hired to work for Defendants for a continuous and ongoing period of time.

40. Plaintiff and other Caregivers were required to request time off from Defendants when they were unavailable for work.

41. Defendants set rules which Plaintiff and other Caregivers were required to follow.

42. Defendants required Plaintiff and other Caregivers to download an application on their phone called Serenity which was used to keep daily records and communicate with Defendants.

43. Defendants made decisions about advertising Defendants' business without input from Plaintiff or other Caregivers.

44. Plaintiff and other Caregivers were required to pay a fine to Defendants if they failed to appear for a shift without notifying Defendants ahead of time.

45. Plaintiff and other Caregivers were also required to pay Defendants a "referral fee" of 20% of the service fee charged to patients.

46. In weeks in which Plaintiff and other Caregivers worked hours over forty, the additional fines and fees paid to Defendants out of Plaintiff's and other Caregiver's wages constitute additional wages owed.

47. Defendants knew or should have known that they were not paying Plaintiff and other Caregivers sufficient wages.

48. During most of Plaintiff's shifts, Defendants failed to provide Plaintiff with compensated rest breaks of at least ten minutes for each four-hour period worked.

49. The CMWO states that employees are entitled to 10-minute compensated rest periods for each 4 hours of work. When employees are not permitted these breaks, their shift "is effectively extended by 10 minutes without compensation. . . . Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages[.]" *See* CMWO, Rule 5.2.4.

50. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other Caregivers violated the FLSA, the CWA and the CMWO.

## V. REPRSENTATIVE ACTION ALLEGATIONS

51. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

52. Plaintiff proposes the following class under the FLSA:

**All Caregivers within the past three years.**

53. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

54. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

55. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were not paid a sufficient overtime premium for hours worked over forty each week;

    B.    They were subject to Defendants' common policy of classifying them as "independent contractors;"

C.  They were subject to numerous other policies and practices as described above; and

D.  They had the same or substantially similar job duties and requirements.

56. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds twenty-five persons.

57. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

58. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

59. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

62. Defendant failed to pay Plaintiff an overtime rate of 1.5 times her regular rate of pay for all hours worked over 40 per week, despite her entitlement thereto.

63. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint.

65. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

67. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendants misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

71. Despite Plaintiff's and similarly situated employees' entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiffs and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

72. Defendants knew or should have known that their actions violated the FLSA.

73. Defendants' conduct and practices, as described above, were willful.

74. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

75. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and other similarly situated employees as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. SECOND CLAIM FOR RELIEF
### (Individual Claims for Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, 7 C.C.R. § 1103-1)

77. Plaintiff worked more than forty hours per week in at least one week in the time period relevant to this lawsuit.

78. Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5 times her regular rate of pay for all hours worked over 40 each week.

79. Defendants failed to permit Plaintiff 10-minute compensated rest breaks as required by Rule 5 of the CMWO, and therefore owes Plaintiff wages for each shift in which she was not allowed to take the required rest breaks.

80. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

81. Because Defendants willfully violated the CWA and CMWO, a three-year statute of limitations shall apply to such violations.

82. As a result of Defendants' policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shirlene Hester, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That each Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

B. A declaratory judgment that Defendants' practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and others similarly situated under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and others similarly situated during the applicable statutory period;

E. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendants to pay Plaintiffs and others similarly situated pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**SHIRLENE HESTER, Individually
and on Behalf of all Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com