**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **Shirlene Hester, Individually and on Behalf of All Others Similarly Situated,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 1:24-cv-956** |
| ) | |
| **v.** ) | |
| ) | |
| **Care Matters, LLC, and Kimberly Diaz,** ) | |
| ) | |
| **Defendants.** ) | |

**STIPULATED MOTION TO STAY LITIGATION PENDING MEDIATION**

Plaintiff, Shirlene Hester, and Defendants, Care Matters, LLC and Kimberly Diaz, through their respective counsel, stipulate and respectfully request this Court stay litigation while the parties pursue early mediation.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

1.      On April 9, 2024, Plaintiff filed her Complaint. [ECF No. 1.]

2.      On April 10, 2024, the Court entered an Order Setting Scheduling/Planning Conference and Setting Deadline for Filing of Consent/Non-Consent Form, setting a June 27, 2024, deadline to complete and file the Consent/Non-Consent Form and setting a Scheduling/Planning Conference for July 11, 2024. [ECF No. 4]

3.      On May 3, 2024, Defendants filed a Stipulation for 21-Day Extension of Time for Defendants to Respond to Plaintiff's Complaint, through and including May 27, 2024. [ECF No. 9.]

4.      On May 24, 2024, after counsel for the parties amicably met and conferred, the parties reached an agreement to pursue early mediation and stay this litigation pending mediation, pursuant to the terms of Plaintiff's written contract with Care Matters, LLC.

5.      Defendants have not yet filed a response to Plaintiff's Complaint, the parties have not begun to engage in discovery, and other than the June 27, 2024, deadline to file the Consent/Non-Consent Form and the July 11, 2024, Scheduling/Planning Conference, there are no upcoming conferences, hearings or deadlines in this case.

## II.      LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, Rule 26(c) permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *W. Acceptance, LLC v. Gen. Agric. Inc.*, No. 20-CV-00052-CMA-KMT, 2020 WL 3839849, at *4 (D. Colo. July 8, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). In deciding whether a stay should be granted, courts are "guided by the factors of judicial economy and convenience for the Court, for counsel, and for the parties." *United States ex rel. El Paso Glass Co., Inc. v. David Boland, Inc.*, No. 17-CV-02072-CMA-STV, 2018 WL 1566834, at *1 (D. Colo. Mar. 30, 2018).

## III.     ARGUMENT

Just like in *United States ex rel. El Paso Glass Co., Inc. v. David Boland, Inc.*, 2018 WL 1566834, where the court granted a stay of litigation pending contractually mandated mediation, a stay in this litigation is warranted because (i) Ms. Hester contractually agreed – and has now stipulated – to first pursue mediation before litigation; (ii) it will support judicial economy as the Court will be able to expend its valuable time and resources managing active cases; and (iii) it will be more convenient for counsel and the parties, who will be able to expend their time and resources

pursuing an early resolution of the parties' dispute. Granting a stay at this early stage of litigation will not prejudice either party nor will it place an undue burden on the Court. To the contrary, granting a stay is in the best interest of the Court and all parties.

## IV.     CONCLUSION

WHEREFORE, the parties respectfully request that the Court grant this Stipulated Motion to Stay Litigation Pending Mediation.

Respectfully submitted,

POLSINELLI PC

By: */s/ Matthew E. Kapsak*
    MATTHEW E. KAPSAK (CO# 50238)
    1401 Lawrence Street, Suite 2300
    Denver, CO 80202
    Telephone: (303) 572-9300
    Facsimile: (303) 572-7883
    mkapsak@polsinelli.com

    ANGELO SPINOLA (admitted *pro hac vice*)
    One Atlantic Center
    1201 West Peachtree Street NW, Suite 1100
    Atlanta, GA 30309
    Telephone: (404) 253-6000
    aspinola@polsinelli.com

    ATTORNEYS FOR DEFENDANT

SANFORD LAW FIRM, PLLC

By: */s/ Josh Sanford*
    Josh Sanford
    Sean Short
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211

    ATTORNEYS FOR PLAINTIFF

95229572.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

pleading was served by (__) United States Mail, postage prepaid; (X) ECF Notification System; (

) E-mail; and/or (____) Hand Delivery this 28th day of May, 2024, to:

SANFORD LAW FIRM, PLLC
Josh Sanford
Sean Short
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211

ATTORNEYS FOR PLAINTIFF

*/s/ Matthew E. Kapsak*

95229572.1